**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ANDREW D. HEADLEY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NIPPON DYNAWAVE PACKAGING COMPANY, LLC, a foreign business corporation,<br><br>Defendant. | Case No. 3:23-cv-06021-TMC<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant Nippon Dynawave Packaging Company LLC, ("Defendant") hereby answers the Complaint ("Complaint") filed by Plaintiff Andrew Headley ("Plaintiff"):

## I.    JURISDICTION AND VENUE

1.    Upon information and belief, Defendant admits the allegations contained in paragraph 1 of the Complaint.

2.    Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.    Jurisdiction is a legal conclusion to which no response is required. To the extent a response is required, Defendant is not aware of any facts at this time to challenge this Court's jurisdiction over these claims and parties. Defendant removed this cause to this Court, and admits that this Court is the proper venue for this lawsuit.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT - 1
(No. 3:23-cv-06021-TMC)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

## II.   FACTS

4.   Defendant admits Plaintiff started his employment with Defendant on October 11, 2021 at Defendant's Longview Mill.  Defendant denies the remaining allegations in paragraph 4 of the Complaint.

5.   Defendant admits that the Association of Pulp and Paper Workers, Local 580 represents workers at Defendant's Longview Mill.  Whether Plaintiff was a member of the union calls for a legal conclusion to which no response is required.  Defendant denies the remaining allegations contained in paragraph 5 of the Complaint.

6.   Defendant admits that Plaintiff was injured on December 14, 2021, as contained in paragraph 6 of the Complaint. Unless otherwise admitted, Defendant denies the remaining allegations in paragraph 6 of the Complaint.

7.   Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.   Defendant admits Plaintiff returned to work on March 15, 2022. Unless otherwise admitted, Defendant denies the remaining allegations in paragraph 8 of the Complaint.

9.   Defendant admits Plaintiff received an Employee Evaluation on April 7, 2022. Defendant denies the remaining allegations contained in paragraph 9 of the Complaint.

10.   Defendant admits Plaintiff started leave on April 12, 2022.  Defendant denies the remaining allegations contained in paragraph 10 of the Complaint.

11.   Defendant admits Plaintiff returned to work from leave on April 24, 2022. Defendant denies the remaining allegations contained in paragraph 11 of the Complaint.

12.   Defendant denies the allegations in paragraph 12 of the Complaint.

13.   Defendant admits it provided additional training to Plaintiff.  Defendant denies the remaining allegations in paragraph 13 of the Complaint.

14.   Defendant denies the allegations in paragraph 14 of the Complaint.

15.   Defendant denies the remaining allegations on paragraph 15 of the Complaint.

16.   Defendant denies the allegations in paragraph 16 of the Complaint.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT - 2
(No. 3:23-cv-06021-TMC)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

17.    Defendant denies the allegations in paragraph 17 of the Complaint.

18.    Defendant denies the allegations in paragraph 18 of the Complaint.

19.    Defendant admits it terminated Plaintiff's employment on May 9, 2022. Defendant denies the remaining allegations contained in paragraph 19.

20.    Defendant denies the allegations contained in paragraph 20 of the Complaint.

### III.    CLAIMS AND CAUSES OF ACTION

### A.    FIRST CAUSE OF ACTION: RETALIATION

21.    Defendant restates its responses to the previous paragraphs 1 through 20 in the Complaint as if fully set forth herein.

22.    On information and belief, Defendant admits Plaintiff filed a workers compensation claim with Washington's Labor and Industries.

23.    Defendant denies the allegations in paragraph 23 of the Complaint.

24.    Defendant denies the allegations in paragraph 24 of the Complaint.

25.    The allegations in paragraph 25 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 25 of the Complaint.

### B.    SECOND CAUSE OF ACTION – WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY.

26.    The allegations in paragraph 26 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 26 of the Complaint.

### C.    THIRD CAUSE OF ACTION- CLAIM FOR DISCRIMINATION (RCW 49.60)

27.    The allegations in paragraph 27 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 27 of the Complaint.

### D.    FOURTH CAUSE OF ACTION – FMLA INTERFERENCE AND RETALIATION

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT - 3
(No. 3:23-cv-06021-TMC)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

28. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 28, and therefore denies the allegations in paragraph 28.

29. The allegations in paragraph 29 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. The allegations in paragraph 30 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 30 of the Complaint.

**E. FIFTH CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

31. The allegations in paragraph 31 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 31 of the Complaint.

**IV. JURY DEMAND**

32. The allegations in paragraph 32 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 32 of the Complaint.

**V. DAMAGES**

33. The allegations in paragraph 33 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. The allegations in paragraph 34 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. The allegations in paragraph 35 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 35 of the Complaint.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT - 4 (No. 3:23-cv-06021-TMC)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

36.    The allegations in paragraph 36 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 36 of the Complaint.

## VI.    REQUEST FOR RELIEF

Defendant denies Plaintiff is entitled to the relief requested in paragraphs 1 through 7 of the PRAYER FOR RELIEF section of the Complaint, or to any relief in connection with the claims and allegations set forth in his Complaint.

## VII.    AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses, each as separate and distinct defense to Plaintiff's alleged causes of action as well as to the entire Complaint. Defendant does not assume the burden of any defense asserted that is adjudged not to be an affirmative defense. Defendant reserves the right to assert such other and further defenses of which it may become aware through discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in full or in part, due to the doctrines of estoppel, waiver, laches, and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred to the extent he has failed to mitigate his damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any award for lost back wages for any period during which he was unable to or unavailable to work.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff may have suffered any damages as alleged in the Complaint, which Defendant denies, such damages have been and will be proximately caused, in whole or in

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT - 5
(No. 3:23-cv-06021-TMC)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

part, by the acts or omissions of persons other than Defendant, over whom Defendant has no control, and for whose conduct Defendant is not responsible, which bars or diminishes any recovery by Plaintiff against Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's own acts constitute a superseding, intervening cause of his damages, injuries and losses, if any.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant did not commit any intentional, willful, or malicious acts.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries (emotional, psychological, and otherwise) are unrelated to the alleged conduct by Defendant, and resulted from acts, occurrences, and conditions for which Defendant is not liable or responsible.

### NINTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and in good faith at all times, with reasonable grounds for believing that they complied with the law.  Any and all actions taken by Defendant were based upon legitimate, non-retaliatory/non-discriminatory factors.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in full or in part, by the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in full or in part, because he did not engage in protected activity or whistleblowing related to a public policy (other than his own personal cause) as required to prove a wrongful discharge in violation of public policy claim.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in full or in part, because he received all arguably protected eligible leave he was entitled to, without interference.

///

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT - 6
(No. 3:23-cv-06021-TMC)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced because Defendant lacked knowledge that Plaintiff was allegedly retaliated against.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies.

## VIII.   DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having answered all of the allegations in Plaintiff's Complaint, Defendant respectfully requests the following relief:

1.      That Plaintiff's Complaint be dismissed and that judgment be entered in favor of Defendant on each of Plaintiff's claims;

2.      For the costs in defending against this lawsuit, including their attorneys' fees; and

3.      For such other relief as the Court deems just and proper.

Dated: November ___, 2023.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:    /s/Sarah I. Hale
       Sarah I. Hale, WSBA #40241
       sarah.hale@ogletree.com
       The KOIN Center
       222 SW Columbia Street, Suite 1500
       Portland, OR 97201
       Phone: 503-552-2140 | Fax: 503-224-4518
       Attorneys for Defendant NIPPON DYNAWAVE
       PACKAGING COMPANY, LLC

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT - 7
(No. 3:23-cv-06021-TMC)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2023, I served the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** on:

Nicole Tideman
Walstead Mertching
1700 Hudson Street, 3rd floor
Longview, WA 98632
Email: tideman@walstead.com

■       by **electronic** means through the Court's eFile and Serve system.

■       by **mailing** a true and correct copy to address for the persons listed above.

☐       by causing a true and correct copy to be **hand-delivered** to the address of each person listed above.  It was contained in a sealed envelope and addressed as stated above.

☐       by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed above.  It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

☐       by **e-mailing** a true and correct copy to the persons listed above.


   /s/Sierra Tolbirt
Sierra Tolbirt, Practice Assistant
Sierra.tolbirt@ogletree.com

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT - 8
(No. 3:23-cv-06021-TMC)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518
59260337.v2-OGLETREE